

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB 26  AM 11: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
* * * * * * * * * * * * * * * * * * * * * * * *
EDWARD BURBEL, SHELBY            *
COLEMAN, SR., ALFRED GASTON,     *        CIVIL ACTION
ET AL                            *
                                 *        NO. 01-3355
VERSUS                           *
                                 *        SECTION: "D"
                                 *
SMITHKLINE BEECHAM CORP.;        *
GLAXOSMITHKLINE, INC.;           *        MAGISTRATE: 5
AMERICAN HOME PRODUCTS CORP.;    *
BAYER CORPORATION, ET AL         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### AMERICAN HOME PRODUCTS CORPORATION'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6), AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

**NOW INTO COURT**, through undersigned counsel, comes defendant, American Home Products Corporation ("AHPC"), and challenges plaintiffs' Complaint on the following grounds:

I.

AHPC respectfully moves the Court for dismissal of all or part of plaintiffs' action against it, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that plaintiffs have failed to state viable causes of action against the defendant upon which relief can be



granted.  Additionally, plaintiffs' claims of **negligence, strict liability, strict products liability, fraud, fraudulent misrepresentation, fraudulent concealment** and **breach of implied warranty**, as well as their claims for **punitive** or **exemplary damages** and **attorneys' fees**, fail to state claims upon which relief can be granted under the law.  LSA-R.S. § 9:2800.51, *et seq.*, the Louisiana Products Liability Act ("LPLA"), establishes the exclusive theories of recovery against a manufacturer and does not provide for recovery based on the aforementioned claims.  Plaintiffs' claims also find no other support under Louisiana law, all of which is more fully set forth in the attached memorandum.

II.

AHPC respectfully moves this Court to enter an order, pursuant to Fed. R. Civ. P. 12(e), requiring plaintiffs to reform their Complaint and set forth a more definite statement of their claims against it, as plaintiffs' Complaint is so vague and ambiguous that the defendant cannot reasonably frame a response or prepare a defense in this matter, all of which is more fully explained in the attached memorandum.

**WHEREFORE,** American Home Products Corporation prays that its motion to dismiss be granted and that plaintiffs' claims be dismissed at their cost.  Alternatively, defendant prays that plaintiffs' claims of **negligence, strict liability, strict products liability, fraud, fraudulent misrepresentation, fraudulent concealment** and **breach of implied warranty**, as well as their claims for **punitive** or **exemplary damages** and **attorneys' fees**, be dismissed.

Defendant further prays that plaintiffs be ordered to set forth a more definite statement of their claims against it.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _____
**EDWARD J. RICE, JR. T.A. (#10885)**
**TYSON B. SHOFSTAHL (#21084)**
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
*Counsel for American Home Products Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of American Home Products Corporation's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) has been served upon counsel for all parties to this proceeding by mailing a copy of the same to each by First Class United States mail, properly addressed and postage prepaid, on this 26th day of February, 2002.

_____
TYSON B. SHOFSTAHL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
* * * * * * * * * * * * * * * * * * * * * * * *
EDWARD BURBEL, SHELBY              *
COLEMAN, SR., ALFRED GASTON,       *       CIVIL ACTION
ET AL                              *
                                   *       NO. 01-3355
VERSUS                             *
                                   *       SECTION: "D"
SMITHKLINE BEECHAM CORP.;          *
GLAXOSMITHKLINE, INC.;             *       MAGISTRATE: 5
AMERICAN HOME PRODUCTS CORP.;      *
BAYER CORPORATION, ET AL           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### MEMORANDUM IN SUPPORT OF AMERICAN HOME PRODUCTS CORPORATION'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6), AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

On November 6, 2001, plaintiffs filed this purported class action seeking damages for injuries allegedly sustained as a result of ingesting various Over The Counter medications purportedly manufactured by the defendants and containing Phenylpropanolamine ("PPA"). American Home Products Corporation ("AHPC") now

moves to dismiss plaintiffs' action against it, in whole or in part, on the basis that plaintiffs have failed to state claims upon which relief can be granted against the defendant. Alternatively, AHPC moves for a more definite statement.

### PLAINTIFFS' ALLEGATIONS

Plaintiffs claim in their Complaint that the defendants were "manufacturers, marketers, wholesalers, distributors and/or sellers of various medications" that contained PPA. (Complaint ¶ 4). Plaintiffs also allege that the defendants "either knew or should have known that the medications had been associated with severe and life threatening complications including, but not limited to, stroke and blood pressure elevation," and that as a result of taking the medications, they suffered heart attacks, strokes and other serious and debilitating diseases. (Complaint ¶¶ 6 and 9). Because plaintiffs have asserted products liability claims against AHPC in their Complaint, the provisions of the Louisiana Product's Liability Act, LSA-R.S. §9:2800.51 *et. seq.* ("LPLA"), which establishes the exclusive theories of liability for manufactures for damages caused by their products, governs their claims.

**I.   AHPC'S FED. R. CIV. P. 12(b)(6) MOTION FOR DISMISSAL SHOULD BE GRANTED.**

**1.   Standards Applicable To A Motion To Dismiss For Failure To State A Claim Under Federal Rule Of Civil Procedure 12(b)(6).**

A court should dismiss a plaintiff's complaint for failure to state a claim under Rule 12(b)(6) when the plaintiff fails to plead specific facts entitling him or her to relief.

Conclusory allegations or legal conclusions do not suffice. <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995); <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995).

The plaintiff's complaint must contain direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference fairly can be drawn that evidence on these material points will be introduced at trial. <u>Campbell</u>, 43 F.3d at 975. Dismissal is proper if the complaint lacks allegations regarding a required element necessary to obtain relief. The court is not required to "conjure up unpled allegations or construe elaborately archaic scripts" to save a complaint. <u>Campbell</u>, 43 F.3d at 975, quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).

In deciding a motion to dismiss for failure to state a claim, courts generally limit their inquiry to the facts stated in the complaint and the documents attached to or incorporated in the complaint. <u>Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015, 1017 (5th Cir. 1996). But the court may also consider documents that the plaintiff references in her complaint that are central to her claims, even if not attached. <u>Greenberg v. Life Ins. Co. of VA.</u>, 177 F.3d 507, 514 (6th Cir. 1999) (insurance policies attached to motion to dismiss could be considered in deciding a motion to dismiss because the plaintiff referred to the policies in the complaint and the policies were central to the plaintiff's claims). Applying these standards to the present case, plaintiffs' factual pleadings fail to state viable causes of action against AHPC and should be dismissed.

### 2. Plaintiffs' Entire Complaint Should Be Dismissed As It Fails To Articulate A Cause Of Action Against AHPC.

Although this purports to be a products liability action, nowhere in the entire Complaint do the thirteen (13) plaintiffs assert which of the six (6) different defendants' distinct PPA related products actually caused each of their purported injuries. Similarly, plaintiffs have failed to set forth the type of injury that each has sustained, much less identify when the injury allegedly occurred. In light of these critical omissions, plaintiffs have failed to state causes of action against AHPC upon which relief can be granted.

Under Louisiana products liability law, in order for a plaintiff to maintain a products liability action, he must first identify the manufacturer or supplier of the product that he is claiming to be defective. Maldanado v. State through Dept. of Transp., 618 So. 2d 537, 539 (La. App. 4th Cir. 1993), writ denied, 623 So. 2d 1309 (La. 1993); Fricke v. Owens-Corning Fiberglass Corp., 618 So. 2d 473, 475 (La. App. 4th Cir. 1993). Requiring identification with the manufacturer or supplier of the injury-causing product is, necessarily, a threshold requirement for stating a cause of action. Because plaintiffs have failed to identify the exact products that caused each of their purported injuries, they have failed to state causes of action upon which relief may be granted against AHPC as a matter of law. Accordingly, their claims should be dismissed by this Honorable Court.

### 3. The Louisiana Products Liability Act Is The Controlling Substantive Law In This Case.

Under Louisiana law, a cause of action accrues when a plaintiff can bring a lawsuit. Grenier v. Medical Engineering Corp., 99 F. Supp. 2d 759, 765-63 (W.D. La. 2000), aff'd, 243 F.3d 200 (5th Cir. 2001). In the context of a product liability case, the cause of action accrues when the plaintiff suffers a physical injury because of the product. Id. As there is absolutely no allegation and no evidence that any injuries complained of occurred prior to September 1, 1988, the LPLA applies as controlling law. See Stephens v. Witco Corp., 198 F.3d 539 (5th Cir. 1999).

The LPLA establishes the "exclusive theories of liability for manufacturers for damage caused by their products." La. Rev. Stat. Ann §9:2800.52; Kampen v. American Isuzu Motors, Inc., 157 F.3d 306, 309 (5th Cir. 1998). A plaintiff may recover damages from a product manufacturer only under the theories of recovery enunciated in the Act. Id.; Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524 (5th Cir. 1995); Vincent v. Timesh, Inc., 1998 WL 231036, at *3 (E.D. La. 1998); In re Air Bag Prods. Liab. Litig., 7 F. Supp. 2d 792, 800 (E.D. La. 1998). Given the exclusivity of the LPLA, all causes of action inconsistent with it must be dismissed. Grenier, 99 F. Supp. 2d at 763.

### 4. Those Claims That Are Not Authorized By The LPLA Must Be Dismissed.

Under LSA-R.S. § 9:2800.54(A), a manufacturer of a product is liable to a claimant "for damage proximately caused by a characteristic of the product that renders

the product unreasonably dangerous when such damage [arises] from a reasonably anticipated use of the product by the claimant or another person or entity." La. Rev. Stat. Ann. § 9:2800.54(A). In keeping therewith, LSA-R.S. § 9:2800.54(B) defines an unreasonably dangerous product in four ways: (1) unreasonably dangerous in construction or composition;[1] (2) unreasonably dangerous in design;[2] (3) unreasonably dangerous because of a lack of adequate warning;[3] and (4) unreasonably dangerous because it fails to conform to an express warranty.[4] La. Rev. Stat. Ann. § 9:2800.54(B); Ashley v. General Motors Corp., 27, 851 (La. App. 2nd Cir. 1/24/96), 666 So. 2d 1320, 1322. As established *supra*, a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in the LPLA. Grenier, 99 F. Supp. 2d at 763.

In the present case, plaintiffs have asserted claims of **negligence, strict liability, strict products liability, fraud, fraudulent misrepresentation, fraudulent concealment**, and **breach of implied warranty** against AHPC. (Complaint ¶¶ 9-10, 13, and 20). Such claims have been held to be well outside the scope of the LPLA. Grenier, 99 F. Supp. 2d 759, 765-63 (W.D. La. 2000), aff'd, 243 F.3d 200 (5th Cir. 2001). (*See also* Jefferson v. Lead Indus., 106 F.3d 1245, 1251 (5th Cir. 1997), affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share

---

1  *See also* La. Rev. State. Ann. § 9:2800.55.
2  *See also* La. Rev. State. Ann. § 9:2800.56.
3  *See also* La. Rev. State. Ann. § 9:2800.57.

liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of the LPLA; Brown v. R.J. Reynolds Tobacco Co., 852 F. Supp. 8, 9 (E.D. La. 1994), aff'd, 52 F.3d 524 (5th Cir. 1995), dismissing plaintiff's claims for fraudulent misrepresentation, concealment, and conspiracy due to LPLA's exclusivity). Given the exclusivity of the LPLA, these inconsistent causes of action must be dismissed. Grenier, 99 F. Supp. at 763.

### 5. Plaintiffs Are Not Entitled To Exemplary Damages Or Attorneys' Fees.

In their Complaint, plaintiffs have asked for punitive or exemplary damages and attorneys' fees. (Complaint ¶¶ 13 and 20). This is simply not the case. It is well settled that a plaintiff is not entitled to recover exemplary damages in a personal injury action unless the award is expressly authorized by statute. Berg v. Zummo, 00-1699, pp. 14-15 (La. 4/25/2001); 2001 WL 419065; International Harvester Credit v. Seale, 518 So. 2d 1039, 1041 (La. 1988). Even when a statute authorizes the imposition of a penalty, its terms are to be **strictly construed** by the courts. Berg, 00-1699 at p. 16; International Harvester Credit, 518 So. 2d at 1041. Plaintiffs have not pled entitlement to exemplary damages under any statutory authorization and none exists. Accordingly this claim should be dismissed.

Similarly, in Louisiana, attorneys' fees are not allowed except where authorized by statute or provided for by contract. Sharbono v. Steve Lang & Son Loggers, 97-0110

---

4 *See also* La. Rev. State. Ann. § 9:2800.58.

7

(La. 7/1/97); 696 So. 2d 1382; State, DOTD v. Williamson, 597 So. 2d 439, 441 (La. 1992); Huddleston v. Bossier Bank and Trust Co., 475 So. 2d 1082, 1085 (La. 1985). Moreover, statutes allowing for the recovery of attorneys' fees must be construed strictly because the award of attorneys' fees is exceptional and penal in nature. Cracco v. Barras, 520 So. 2d 371, 372 (La. 1988); Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So. 2d 1014, 1015-16 (La. 1984). Accordingly, in order to recover attorneys' fees in a case, a plaintiff must prove that a statute was in effect at the time that his claim arose and that the statute specifically authorized an award of attorneys' fees in connection with his claim.

In the present case, plaintiffs have failed to allege the legal basis upon which they claim that they are entitled to attorneys' fees. Additionally, LSA-R.S. § 9:2800.53(5) specifically sets forth that attorneys' fees are not recoverable under the LPLA. Because the LPLA sets forth the exclusive means by which plaintiffs can recover damages for alleged product defects, plaintiffs' request for attorneys' fees should be rejected by this Honorable Court.

### II.    AHPC'S FED. R. CIV. P. 12(e) MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED.

It is well settled that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. P. 12(e); Sisk v. Texas Park & Wildlife Dept., 644 F.

8

2d 1056, 1059 (5th Cir. 1981). As established in detail in Section I, *supra*, plaintiffs' Complaint is deficient as it is filled with numerous claims that are precluded by the LPLA. Alternatively, plaintiffs' Complaint is deficient as it fails to set forth any factual support, much less identify the legal support, for the claims set forth therein.

Although this purports to be a products liability action, nowhere in the entire Complaint do the thirteen (13) plaintiffs assert which of the six (6) different defendants' distinct PPA related products actually caused each of their purported injuries. Similarly, plaintiffs have failed to set forth the type of injury that each has sustained, much less identify when the injury allegedly occurred. These omissions are clear violations of Fed. R. Civ. P. 9(f).[5]

Similarly, many of the allegations in plaintiffs' Complaint are contradictory. For instance, plaintiffs allege in Paragraphs 9 and 13 of their Complaint that AHPC was negligent because it should have known of potential hazards or defects in its products, yet, in Paragraphs 10 and 13 of the same Complaint, they allege that AHPC concealed potential hazards and misrepresented the safety of its products. These allegations are not only contradictory but are insufficient under the specific pleading requirements contained

---

[5]   Plaintiffs' allegations are also insufficient under Article 891 of the Louisiana Code of Civil Procedure. *See* <u>Delta Bank & Trust Co. v. Lassiter</u>, 383 So. 2d 330, 336 (La. 1980), where the court held that when a plaintiff has not alleged sufficient facts to support his pleaded claims against the defendant, he has not stated a cause of action under Louisiana law.

9

in Fed. R. Civ. P. 9(b).[6] Similarly, plaintiffs allege in Paragraphs 14, 17 and 18 of their Complaint that they are entitled to an early detection medical monitoring and preventive screening remedy, yet, they allege in Paragraph 6 of the same Complaint that they have already suffered physical injuries in the form of heart attacks, strokes and other serious and debilitating diseases.[7]

In the final analysis, AHPC cannot frame a response or prepare a defense to the plaintiffs' Complaint as it is too vague, general and indefinite in its current form. As such, AHPC respectfully requests that this Court order plaintiffs to provide it with more definite statement of their claims against it as provided for by law.

## CONCLUSION

For the foregoing reasons, American Home Products Corporation prays that its motion to dismiss be granted and that plaintiffs' claims against it be dismissed at their cost. Alternatively, defendant prays that plaintiffs' claims of **negligence, strict liability, strict products liability, fraud, fraudulent misrepresentation, fraudulent concealment** and **breach of implied warranty**, as well as their claims for **punitive** or **exemplary damages** and **attorneys' fees**, be dismissed. Additionally, plaintiffs should

---

[6] Plaintiffs' allegations are also insufficient under Article 856 of the Louisiana Code of Civil Procedure. *See* Fabre v. Kaiser Aluminum and Chemical Corp., 446 So. 2d 476, 479 (La. App. 1st Cir. 1984).

[7] Medical surveillance is not an available remedy to a plaintiff who has already suffered an injury. Bourgeois v. A.P. Green Indus., Inc., 97-3188 (La. 7/8/98); 716 So. 2d 355.

10

be required to provide the defendant with a more definite statement of their claims against it.

Respectfully submitted,

ADAMS AND REESE LLP

By: _____
EDWARD J. RICE, JR. T.A. (#10885)
TYSON B. SHOFSTAHL (#21084)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
*Counsel for American Home Products Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of American Home Products Corporation's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) has been served upon counsel for all parties to this proceeding by mailing a copy of the same to each by First Class United States mail, properly addressed and postage prepaid, on this 26th day of February, 2001.

_____
TYSON B. SHOFSTAHL

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| EDWARD BURBEL, SHELBY COLEMAN, SR., ALFRED GASTON, ET AL | * * * | CIVIL ACTION |
| | * | NO. 01-3355 |
| VERSUS | * | |
| | * | SECTION: "D" |
| SMITHKLINE BEECHAM CORP.; GLAXOSMITHKLINE, INC.; AMERICAN HOME PRODUCTS CORP.; BAYER CORPORATION, ET AL | * * * * | MAGISTRATE: 5 |

* * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that American Home Products Corporation, ("AHPC"), will bring on for hearing on April 3, 2002, at 10:00 o'clock a.m., before the Honorable A.J. McNamara at the United States District Courthouse for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, its Motion for Dismissal Pursuant to Fed. R. Civ.

1

P. 12(b)(6), and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _____
EDWARD J. RICE, JR. T.A. (#10885)
**TYSON B. SHOFSTAHL (#21084)**
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
*Counsel for American Home Products Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served upon counsel for all parties to this proceeding by mailing a copy of the same to each by First Class United States Mail, properly addressed and postage prepaid, on this 26th day of February, 2002.

_____
TYSON B. SHOFSTAHL

2